**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-33677 |
| | ) | |
| William M. Apostelos, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Walter |
| | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | |
| Daniel M. McDermott, | ) | Adv. Pro. No. 16-_____ |
| United States Trustee | ) | |
| | ) | |
| Plaintiff. | ) | COMPLAINT TO DENY DISCHARGE |
| | ) | |
| v. | ) | |
| | ) | |
| William M. Apostelos, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>COMPLAINT</u>

Plaintiff, Daniel M. McDermott, the United States Trustee for Region 9 ("**UST**"),

respectfully brings this action under 11 U.S.C. § 727(a)(5), (a)(3), (a)(4)(D) and (a)(6)(A) to

deny the Chapter 7 discharge of William M. Apostelos ("**Defendant**" or "**Debtor**").   In support

of this Complaint, the UST respectfully states as follows:

## <u>PARTIES</u>

1.     Plaintiff, Daniel M. McDermott, is the UST appointed by the Attorney General for

Region 9, with standing to bring this action under 11 U.S.C. §§ 307 and 727(d) to deny the

Defendant's discharge.   The UST maintains a place of business at the U.S. Department of

Justice, 211 W. Fort St., Ste. 700, Detroit, Michigan, 48226.

1

2.      As of the date of this Chapter 7 involuntary filing, Defendant had a last known street address of 356 Commercial Way, Springboro, Ohio 45066.

3.      John Paul Rieser is the Chapter 7 Trustee ("**Trustee**") appointed by the UST.

## JURISDICTION

4.      This is an adversary proceeding in which the UST is seeking a denial of the Defendant's discharge under 11 U.S.C. § 727(a)(5), (a)(3), (a)(4)(D) and (a)(6)(A).    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 157(a), and the Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the Southern District of Ohio.    Pursuant to 28 U.S.C. § 157(b)(2)(J) and Bankruptcy Rule 7008, this is a core proceeding. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).    The UST has standing to file this complaint pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

## FACTS

5.      On October 15, 2014, Dr. Rafael Cruz, his daughter Dr. Gloria M. Cruz, and her husband Dr. Joseph P. Mullane filed an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code.

6.      On November 7, 2014, the Court entered an order for relief in the Debtor's bankruptcy case ("**Order for Relief**") [Doc. No. 14].    The Order for Relief directs that the Debtor "shall file its mailing list of creditors on or before **November 14, 2014** and shall file its schedules and statement of financial affairs on or before **November 21, 2014**." (emphasis in original).

7.      To date, the Debtor has refused to file the (i) mailing matrix, (ii) schedules, and (iii) statement of financial affairs as required under the Order for Relief.

2

8.      On November 13, 2014, the UST appointed the Trustee to administer the Debtor's bankruptcy case.

9.      On November 17, 2014, the Trustee filed a Motion for 2004 Examination (the "**2004 Motion**") [Doc. No. 20].    The Court entered an order granting the 2004 Motion on November 18, 2014 (the "**2004 Order**") [Doc. No. 24].

10.      To date, Debtor has refused to comply with the 2004 Order.

11.      On November 18, 2014, the Trustee filed a motion for turnover (the "**Turnover Motion**") [Doc. No. 22] of all (i) bank and financial accounts, (ii) personal property, and (iii) records, computer or electronic data and other documents in the Debtor's custody, possession or control (the "**Recorded Information**").

12.      On December 8, 2014, the Court entered an order granting the Turnover Motion (the "**Turnover Order**" [Doc. No. 34] and, together with the Order for Relief and the 2004 Order, the "**Violated Orders**").

13.      To date, the Debtor has refused to comply with the Turnover Order by providing the Recorded Information to the Trustee.

14.      On December 17, 2014, the Trustee conducted the Chapter 7 meeting of creditors (the "**341 Meeting**") in Dayton, Ohio.    The Defendant appeared at the 341 Meeting and was represented by counsel.

15.      At the beginning of the 341 Meeting, the Defendant, under oath, invoked his Fifth Amendment right to refuse to answer any questions from the Trustee or any of the Debtor's creditors on the basis that his answers could incriminate him in a pending criminal investigation.

16.     At the 341 Meeting, the Debtor's counsel asserted on the record that all of the Debtor's financial records and assets had been seized in connection with a pending criminal investigation.

17.     On October 29, 2015, the Grand Jury indicted the Defendant (the "**Indictment**") on one count of conspiracy to commit mail and wire fraud, eight counts of mail fraud, thirteen counts of wire fraud, two counts of money laundering, and one count of theft or embezzlement from an employee benefit plan (collectively, the "**Ponzi Scheme**").

18.     The Indictment alleges that the Defendant fraudulently induced hundreds of investors to invest over $70 million in the Ponzi Scheme.

## COUNT ONE
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

19.     Plaintiff incorporates the allegations contained within paragraphs 1 through 18.

20.     Section 727(a) provides in relevant part that "[t]he Court shall grant the debtor a discharge, unless- (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities . . ."

21.     Defendant's failure to satisfactorily explain to the Trustee any loss of assets or deficiency of assets to meet debtor's liabilities, including the failure to answer the Trustee's questions at the 341 Meeting, constitutes cause for denying the Debtor's discharge, pursuant to 11 U.S.C. § 727(a)(5).

## COUNT TWO
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

22.     Plaintiff incorporates the allegations contained within paragraphs 1 through 21.

23.     Section 727(a) provides in relevant part that "[t]he Court shall grant the debtor a discharge, unless- (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained . . ."

24.     Defendant's failure to provide the Recorded Information requested by the Trustee under the Turnover Order, constitutes cause for denying the Debtor a discharge under 11 U.S.C. § 727(a)(3).

## COUNT THREE
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(D)

25.     Plaintiff incorporates the allegations contained within paragraphs 1 through 24.

26.     Section 727(a) provides in relevant part that "[t]he Court shall grant the debtor a discharge, unless- (4) the debtor knowingly and fraudulently. . . (D) withheld from an officer of the estate entitled to obtain possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

27.     The Trustee is an appointed officer of the estate entitled to obtain possession of under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.   Defendant's failure to file his schedules and SOFA as required under the Order of Relief, as well as his failure to provide the Recorded Information requested by the Trustee under the Turnover Order, constitutes cause for denying the Debtor a discharge under 11 U.S.C. § 727(a)(4)(D).

## COUNT FOUR
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(6)(A)

28.     Plaintiff incorporates the allegations contained within paragraphs 1 through 27.

5

29.     Section 727(a) provides in relevant part that "[t]he Court shall grant the debtor a discharge, unless- (6) the debtor has refused, in the case- (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify . . ."

30.     The Violated Orders are lawful orders of this Court.    Discharge may be denied if a debtor refuses to obey lawful orders of the court.

31.     To date, the Defendant has refused to comply with the Violated Orders through refusal (a) to turn over the Recorded Information requested by the Trustee in the Turnover Order, (b) to appear at a 2004 examination as required under the 2004 Order, and (c) to file his schedules and statement of financial affairs as required under the Order for Relief, each or all of which constitute cause for denying the Debtor a discharge under 11 U.S.C. § 727(a)(6)(A).

**WHEREFORE**, the United States Trustee requests that this Court enter judgment denying the Defendant a discharge from his debts pursuant to 11 U.S.C. § 727(a).


Respectfully submitted,

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE, REGION 9

/s/ Ronna G. Jackson
Ronna G. Jackson (#0080432)
Attorney for the U.S. Trustee
211 W. Fort St., Ste. 700
Detroit MI 48226
Phone: (313) 226-7934
Fax: (313) 226-7952
Ronna.G.Jackson@usdoj.gov